**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RADHA GEISMANN, M.D., P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:15-cv-00615-ERW |
| | ) | |
| BE-THIN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## Defendant Be-Thin, Inc.'s Memorandum in Support of its Motion to Strike the Class Allegations

Defendant Be-Thin, Inc. ("Be-Thin"), through undersigned counsel, respectfully submits its memorandum in support of its motion to strike (Doc. 21):

### I.   Introduction

Court dockets nationwide are filled with putative class actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in which plaintiffs' attorneys are attempting to apply the class action framework of Rule 23 to inherently individual claims like those brought by Plaintiff Radha Geismann, M.D., P.C. ("Geismann"). Courts often waste significant time and resources before reaching the conclusion obvious from the face of the complaints: Such cases are not suitable for class certification. This Court should deny class certification and strike the class allegations in Geismann's Class Action Petition [ECF No. 5, ¶¶ 34, 54] ("Complaint") now before further judicial and party resources are wasted in pursuit of what ultimately will be a futile effort to certify a class. *See, e.g., Sandusky Wellness Center LLC v.*

*Medtox Scientific, Inc.*, 2014 WL 3846037 (D.Minn. Aug. 5, 2014); *Connelly v. Hilton Grand Vacations Co.*, 294 F.R.D. 574, 577 (S.D. Cal. Oct. 29, 2013).

Although courts generally allow some amount of discovery before denying class certification, federal courts have recognized they "may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23. Most often it will not be 'practicable' for the court to do that at the pleading stage, but sometimes the complaint will make it clear that class certification is inappropriate." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013); *see also Labou v. Cellco Partnership*, 2014 WL 824225, *6 (E.D. Cal. March 3, 2014) (denying class certification in a TCPA case on defendant's motion at the pleadings stage); *Boyer v. Diversified Consultants, Inc.*, 2015 WL 1941335 (E.D. Mich. Apr. 20, 2015) (striking TCPA class definition as a fail-safe definition).

Based on the Complaint and the federal class certification standards, regardless of how much discovery Geismann obtains, she cannot establish commonality, typicality, adequacy, predominance, or superiority. No discovery is needed to see that class certification is inappropriate, and the Court therefore should deny class certification and strike the class allegations from the Complaint now before more time and resources are wasted.

## II.  Background

Geismann alleges Be-Thin sent her six, single-page, unsolicited faxes that did not contain proper opt-out notifications under the TCPA [ECF No. 5, ¶¶ 14, 20-22]. Based on the six pieces of paper alone, Geismann filed a putative

class action alleging: (1) violation of the Telephone Consumer Protection Act ("TCPA") in Count I; (2) conversion in Count II, and (3) violation of the Missouri Merchandising Practices Act ("MMPA") in Count III. Geismann voluntarily dismissed her MMPA claim [ECF No. 16].

The proposed class for Geismann's TCPA claim in Count I is:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

[ECF No. 5, ¶ 34]. The proposed class for Geismann's Conversion claim in Count II is:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendant with respect to whom Defendant cannot provide evidence of prior express permission or invitation.

[ECF No. 5, ¶ 54].

## III.  Legal Standard

The Supreme Court has reasoned that class certification issues are sometimes "plain enough from the pleadings" that discovery is not necessary to determine the merits of class certification. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Opinions by federal courts nationwide demonstrate class certification can be denied (either through an outright denial or through an order striking class allegations) when the core issues can be determined without reference to discovery. *See, e.g., Hill*, 946 F.

Supp. 2d at 830; *Labou*, 2014 WL 824225 at *3 ("Although discovery may be allowed in some cases, it is the plaintiff's 'burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations.'"); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("The problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them. To this day, they do not explain what type of discovery or what type of factual development would alter the central defect in this class claim."); *Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72, 93 n. 30 (3d Cir. 2011) (the court may determine class certification before discovery when the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met"); *accord John v. Nat'l Sec. Fire and Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) ("Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."). When, as here, the conclusion that the class cannot be certified can be drawn from the allegations in the Complaint, the Court should not force Be-Thin to engage in costly discovery, only to reiterate these same arguments months from now. See Stearns v. Select Comfort Retail Corp., 2009 WL 4723366, at *14 (N.D. Cal.

6218914.1

Dec. 4, 2009) ("[I]t is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources.").

When the defendant challenges the class allegations, it remains the plaintiff's burden to show she has alleged facts sufficient to make out a certifiable class. *See Blihovde v. St. Croix County, Wis.*, 219 F.R.D. 607, 614 (W.D. Wis. 2003) (holding a class certification determination can be made prior to the filing of a class certification motion by plaintiffs and plaintiffs have the ultimate burden to show class certification is appropriate on such a motion); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Class actions under Rule 23 are "exception[s] to a usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011).

Rule 23(a) requires a plaintiff to establish numerosity, commonality, typicality, and adequate representation; these requirements "limit the class claims to those fairly encompassed by the named plaintiffs' claims." *Dukes*, 131 S. Ct. at 2550 (quotations omitted). One of the requirements of Rule 23(b) must also be met. Certification should be evaluated under Rule 23(b)(3) rather than Rule 23(b)(2) where, as here, plaintiffs seek money damages that are individual rather than group injuries. *See In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1122 (8th Cir. 2005) ("At base, the (b)(2) class is distinguished from the (b)(3) class by class cohesiveness . . . Injuries remedied through (b)(2) actions are really group, as opposed to individual injuries.").

## IV.   Argument

### A. Geismann's class definitions are fail-safe.

A fail-safe class is defined so whether a person qualifies as a member depends on whether the person has a valid claim. "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner v. Northshore Univ. HealthSystem*, 689 F.3d 802, 825 (7th Cir. 2012) (collecting cases). Defining the classes to include all persons sent faxes "without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class." *Onley v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) (finding that a class definition that recited all of the elements of a TCPA claim and the requirement of a lack of prior consent was fail-safe); *see also Zarichny v. Complete Payment Recovery Servs., Inc.*, 2015 WL 249853, at *12-13 (E.D. Pa. Jan. 21, 2015) (striking TCPA class definition similar to this one was fail-safe).

The Eighth Circuit has not yet considered the permissibility of fail-safe classes, and the other circuits are split. Both the Sixth and Seventh Circuit have held that fail-safe classes are precluded from certification. But the Fifth Circuit, reaffirmed its rejection of a rule against fail-safe classes[.]" *Id.* at *12 (internal citations omitted). Nonetheless, this Circuit noted that "[i]t is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *Ihrke v. North-*

*ern States Power Company*, 459 F.2d 566, 573 n.3 (8th Cir. 1972). As one commentator explained, "[F]ail-safe classes [are] one category of classes failing to satisfy the ascertainability requirement." Erin L. Geller, *The Fail–Safe Class as an Independent Bar to Class Certification,* 81 Fordham L.Rev. 2769, 2782 (April 2013).

Both classes Geismann defined are fail-safe classes. The putative TCPA class comprises those people sent faxes without the recipient's "prior express consent," 47 U.S.C. § 227(b)(1)(A)(iii) or that did not display "proper" opt out notice. [ECF No. 5.] Because we are at the outset of this litigation, there is no way to provide notice to that putative class without the extensive fact-finding that class actions should avoid. *Zarichny*, 2015 WL 249853, at *13. Similarly, at the conclusion of the litigation, should Be-Thin prevail against Geismann in proving it received express consent or the opt-out notice was proper, any other putative class recipient would be free to litigate the same claim. The same is true for Geismann's conversion class, which is also comprised of people sent faxes without "prior express consent." Therefore, these class allegations should be stricken. *Id.*

### B. Geismann's class definitions are not ascertainable.

A recognized prerequisite to the class certification inquiry involves the court's assessment of the ascertainability of the class. The requirement of ascertainability means the description of a proposed class must be sufficiently definite "so that it is administratively feasible for the court to determine whether a particular individual is a member." 7A Charles Alan

7

Wright *et al., Federal Practice and Procedure* § 1760 (3d ed. 2005); *Ihrke*, 459 F.2d at 573 n.3. *Sandusky*, 2014 WL 3846037 illustrates the problems with Geismann's proposed classes.

The proposed class definition centers on those people who "were sent" faxes from Defendants. However, "when a 'junk fax' is sent to a line owned by one person and a machine owned by another," one or both might "have an injury in fact and standing under the TCPA." *Id.* at *3. "In order to determine to whom each fax was sent—and thus, who was injured—the parties and the court would need to delve into the unique circumstances of each fax transmission. The answer may come more readily in some instances—for example if the person to whom the fax was sent is the sole owner and user of the fax machine—but that information is not ascertainable absent an individualized inquiry." *Id.* at *4. Regardless, "the parties will need to explore who owned, operated and used the fax machine associated with [each] fax number…. It is neither feasible nor appropriate to undertake such an individualized inquiry as to each fax sent . . . ." *Id.*

Geismann's "class definition is untenable because it would take individualized discovery to determine the threshold issue of who was 'sent' each of the faxes at issue." *Id.*

### C. Geismann's nationwide conversion class is not certifiable.

Geismann seeks to represent a nationwide class for his conversion claim. "No class action is proper unless all litigants are governed by the same legal rules. Otherwise the class cannot satisfy the commonality and superiority re-

6218914.1

quirements of Fed.R.Civ.P. 23(a), (b)(3)." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002). Unlike the TCPA claim where the same federal law applies regardless of where the class member resides, "each class member's home state has an interest in protecting its citizens from economic loss[es]" asserted in conversion claims. *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 146 (2d Cir. 2015). "Consequently, the state with the most significant relationship to plaintiffs' claims is each individual state in which a class member resides and where he or she was" allegedly injured. *Id.* Resolution of the common issues in this case will therefore require the application of potentially 51 jurisdiction's substantive laws, rendering class certification inappropriate.

### D. Geismann cannot demonstrate predominance.[1]

To demonstrate predominance, Geismann must establish that "questions of law or fact common to the class members predominate over any question affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Supreme Court has held that although the predominance requirement of Rule 23(b)(3) overlaps in some ways with the commonality requirement of Rule 23(a), it is "far more demanding" because it "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

---

[1]    Be-Thin does not concede the other elements of Rule 23 are met.

The proposed class definitions would require individualized inquiries as discussed above, which would preclude a finding of predominance. In both class definitions Geismann seeks to certify, a question that would predominate over any common questions is whether each individual class member consented to the receipt of the faxes. In the first federal circuit level decision to address class certification of a TCPA case, the Fifth Circuit reversed a grant of class certification based on predominance. *Gene & Gene, LLC v. BioPay, LLC*, 541 F.3d 318, 326 (5th Cir. 2008). Of greatest concern to the Fifth Circuit was that "prior express invitation or permission" was inextricably intertwined with the TCPA claims and class definition. *Id*. 326-29.

> We are most concerned, however, that the district court failed to address the broader consideration of the predominance requirement: The district court did not explain how the common course of conduct it described would affect a trial on the merits. Thus, the district court's assertion that this case would not degenerate into a series of individual trials is largely unsupported and is, in our opinion, mistaken.
>
> ***
>
> [Plaintiff] has failed to advance any viable theory employing generalized proof concerning the lack of consent with respect to the class involved in this case; that this leads to the conclusion that myriad mini-trials cannot be avoided; and that, given these conclusions and those we have reached above, the district court abused its discretion in certifying the class.

*Id*. at 326, 329; *see also Bridging Communities, Inc. v. Top Flite Financial, Inc.*, 2013 WL 2417939, *4 (E.D. Mich. June 3, 2013) (denying class certification in TCPA fax case); *Compressor Engineering Corp. v. Mfrs. Financial Corp.*, 292 F.R.D. 433, 454 (E.D. Mich. April 26, 2013) (same); *Blitz v. Agean,*

*Inc.*, 743 S.E.2d 247 (N.C. Ct. App. 2013) (same); *G.M. Sign, Inc. v. Brink's Mfg. Co.*, 2011 WL 248511, *11 (N.D. Ill. Jan. 25, 2011) (same); *McGaughey v. Treistman*, 2007 WL 24935 (S.D.N.Y. Jan. 4, 2007) (same), *Levitt v. Fax.com*, 2007 WL 3169078 (D. Md. 2007) (same); *Intercontinental Hotels Corp. v. Girards*, 217 S.W.3d 736 (Tex. App. Dallas March 13, 2007) (same), *Damas v. Ergotron, Inc.*, 2005 WL 1614485 (Ill. Cir. Ct. July 6, 2005) (same); *Carnett's, Inc. v. Hammond*, 610 S.E.2d 529 (Ga. 2005) (same); *Kondos v. Lincoln Property Co.*, 110 S.W.3d 716 (Tex. App. Dallas July 22, 2003) (same); *Livingston v. U.S. Bank, N.A.*, 58 P.3d 1088 (Colo. Ct. App. 2002) (same); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162 (S.D. Ind. 1997) (same); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400 (E.D. Pa. 1995) (same).

The reasoning of the Fifth Circuit and other courts that have denied class certification in TCPA fax cases should serve as a lodestar here. Although the instant case is in a different procedural posture from *Gene & Gene*, it is on par with *Labou* in the Eastern District of California, where the court recently denied class certification at the pleadings stage. 2014 WL 824225 at *6. The court in *Labou* held a district court "has discretion to rule on Defendant's Motion even prior to discovery." Id. at *3. Geismann's class definitions makes it clear on the face of the Complaint that common questions of law and fact do not predominate over individual classes. According to Geismann's proposed definitions, the classes would only include individual fax recipients "with respect to whom Defendants cannot provide evidence of prior express permis-

sion or invitation." *Id*. These are, by definition, questions that will require individualized inquiries for every putative class member — Geismann's class definitions would force Be-Thin to engage in a mini-trial on consent for each putative class member.

Geismann cannot meet the predominance requirement, class certification should be denied, and class allegations should be stricken.

### E.  Geismann cannot demonstrate superiority.

Superiority exists when "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Because individual issues predominate and different law will apply for the conversion claims, a class action is not superior to other methods of adjudicating Geismann's claims. To determine the individual factual issues that bear on liability, it would be necessary (assuming Geismann is correct about the number of class members) to conduct many mini-trials. Accordingly, small claims court, not the federal judiciary, is the superior method for adjudicating claims such as the one raised by Geismann. The rather astronomical statutory damages of $500 per incident for negligent behavior and $1,500 per incident for willful behavior, 47 U.S.C. § 227(b)(3), are sufficient incentive for TCPA plaintiffs to bring their claims in small claims court without also providing plaintiffs the benefit of the class certification vehicle. See 137 Cong. Rec. S16205-06 (Nov. 7, 1991). As Senator Hollings noted in the TCPA legislative history:

> The . . . private right-of-action provision . . . will make it easier for con-
> sumers to recover damages from receiving these computerized calls.
> The provision would allow consumers to bring an action in State court
> against any entity that violates the bill. . . . It is my hope that States
> will make it as easy as possible for consumers to bring such actions,
> preferably in small claims court.

*Id*.; *see also Kim v. Sussman*, 2004 WL 3135348 (Ill. Cir. Ct. 2004).

The Sussman court reasoned similarly in denying class certification of a

TCPA lawsuit under Illinois' class action prerequisites (which are analogous

to the federal requirements):

> Given the statutory framework of plaintiff's claims, the Court strongly
> believes that a class action is not an appropriate method for the "fair
> and efficient" adjudication of this controversy. As noted above, in en-
> acting the TCPA, Congress expressly struck a balance that was de-
> signed to be fair both to the recipient and the sender of the facsimile.
> Congress believed that allowing an individual to file an action in small
> claims court to redress the nuisance of unsolicited faxes and to recover
> a minimum of $500 in damages was adequate incentive to address
> what is at most, a minor intrusion into an individual's life. Congress
> added harsher penalties for chronic or willful violators in the form of
> actions in federal court by the various state attorneys general, in which
> the potential for substantial award of damages exists. To engraft on
> this statutory scheme the possibility of private class actions, with po-
> tential recoveries in the millions of dollars, strikes the Court as unfair
> given the nature of the harm Congress attempted to redress in the
> TCPA.

*Id*. at \*2. Defendants request the Court adopt similar logic in holding a class

action is not the superior method of adjudicating this claim, deny class certi-

fication, and strike the class allegations from the Complaint.

## V.   Conclusion

For the foregoing reasons, Defendants request the Court find class certifi-

cation is not appropriate in this case and strike the class allegations in Geis-

mann's Complaint. The nature of this case coupled with the allegations in

6218914.1

Geismann's Complaint is sufficient to warrant such a denial, so as to avoid costly and time-consuming discovery, only to make these same arguments again several months from now.

SANDBERG, PHOENIX & von GONTARD, P.C.

By:  */s/ Jesse B. Rochman*
    Martin L. Daesch, #40494
    Jesse B. Rochman, #60712
    600 Washington – 15th Floor
    St. Louis, MO 63101-1313
    314-231-3332
    314-241-7604 (Fax)
    mdaesch@sandbergphoenix.com
    jrochman@sandbergphoenix.com

    *Attorneys for Defendants:*
    *Be-Thin, Inc. and Kevin Eberly*

**Certificate of Service**

I certify that on May 11, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon:

Max Margulis, Esq.
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO  63017
maxmargulis@marguislaw.com
*Attorney for Plaintiff*

        */s/ Jesse B. Rochman*

14
